Filed 8/30/21  P. v. Lim CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307208 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA479595) |
| v. | |
| HOU LIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge. Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob A. Bonta, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Hou Lim was sentenced to three years imprisonment on a conviction for vandalism causing at least $400 in defacement, damage, or destruction.  That offense is punishable by imprisonment for a term not exceeding one year, or "pursuant to subdivision (h) of Section 1170," which authorizes a high term of three years.[1]  (Pen. Code, §§ 594, subd. (b)(1), 1170, subd. (h)(1).)  Without mention of subdivision (h) of Section 1170, appellant contends the maximum sentence for vandalism in excess of $400 is one year, and that the trial court therefore erred by imposing a term of three years.  We conclude that appellant's three-year sentence was lawfully imposed "pursuant to subdivision (h) of Section 1170."  (§ 594, subd. (b)(1).)  Accordingly, we affirm.

_____

[1]     Undesignated statutory references are to the Penal Code.

2

## BACKGROUND

In July 2019, the People charged appellant with vandalism causing at least $400 in defacement, damage, or destruction.  (§ 594, subds. (a) & (b)(1)).  Appellant pled guilty.  The trial court (Judge Jose I. Sandoval) suspended imposition of sentence, and placed appellant on probation for three years, ordering appellant to obey all laws.

In March 2020, the trial court (Judge Christopher W. Dybwad) held a combined probation-violation hearing and preliminary hearing on a robbery charge.  Two Los Angeles Police Department officers testified regarding statements made to them on February 27, 2020, by the alleged robbery victim, Daniel Oxman, at his home after they responded to a 911 call.  Oxman reported that around 1:10 a.m., appellant banged on the glass of his back window with a three-foot-long metal pipe, demanded that Oxman give him money or let him inside, and took $6 that Oxman threw out of a window.  Oxman showed the police officers a surveillance video from his home, which was played for the court.

The court found appellant had violated the probation condition requiring him to obey all laws, deeming the surveillance video sufficiently reliable evidence to find appellant had committed a trespass.  The court also held appellant to answer on the robbery charge.

Two weeks later, appellant's counsel represented to the trial court (Judge Kathryn A. Solorzano) that the parties had tentatively agreed to request dismissal of the robbery charge in exchange for a prison sentence on the vandalism

conviction. The matter was continued several times. In August 2020, apparently accepting the parties' previously discussed agreement, the trial court (Judge Lauren Weis Birnstein) granted the People's motion to dismiss the robbery charge, and sentenced appellant to three years imprisonment "pursuant to PC 1170(H)(1) . . . ." Appellant timely appealed.

## DISCUSSION

A defendant is guilty of vandalism if the defendant maliciously defaced, damaged, or destroyed the property of another. (§ 594, subd. (a).) "If the amount of defacement, damage, or destruction is four hundred dollars ($400) or more, vandalism is punishable by imprisonment pursuant to subdivision (h) of Section 1170 or in a county jail not exceeding one year . . . ." (§ 594, subd. (b)(1).) "[A] felony punishable pursuant to [subdivision (h) of Section 1170] where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years." (§ 1170, subd. (h)(1).)

Appellant contends the trial court erred by imposing a three-year sentence on his vandalism conviction, arguing that under section 594, "felony vandalism (over $400) carries a maximum custodial sentence of one year." As the People observe, however, section 594 authorizes punishment "pursuant to subdivision (h) of Section 1170," which, in turn, authorizes a three-year sentence. (§§ 594, subd. (b)(1), 1170,

4

subd. (h)(1).)  Appellant neither addressed this point in his opening brief nor filed a reply brief.  We conclude that appellant's three-year sentence was lawfully imposed "pursuant to subdivision (h) of Section 1170."  (§ 594, subd. (b)(1).)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.